IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SHANIA NELLIE PRUETT, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No. 7:18-cv-00110-O-BP |
| | § |
| ANDREW M. SAUL,[1] | § |
| Commissioner of the Social | § |
| Security Administration, | § |
| | § |
| Defendant. | § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Petition and Brief for Award of Attorney Fees Under the Equal Access to Justice Act, ECF No. 20, filed on June 12, 2019. District Judge Reed O'Connor referred this Petition to the undersigned on August 30, 2019. ECF No. 21.

The Court finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $195.90 per hour for services performed in 2018 and $199.90 per hour for services performed in 2019. The Court further finds that Plaintiff is entitled to attorney fees for compensation of 29.90 hours of service. Noting that the Motion is unopposed, and for good cause shown, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Petition, ECF No. 20.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Shania Nellie Pruett, in care of Ronald D. Honig, an attorney, attorney fees under the Equal Access to Justice Act for 29.90 hours of service compensated at a rate of $195.90 per hour

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

for services performed in 2018 and $199.90 per hour for services performed in 2019 for a total of $5,892.80.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **October 2**, **2019**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE